1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT
9                  SOUTHERN DISTRICT OF CALIFORNIA
10

| | |
|---|---|
| 11 | |
| JAVAUGHN ROBINSON,<br>CDCR # BD-1411, | Case No.:  3:20-cv-2106-GPC-AHG |
| | **ORDER:** |
| Plaintiff, | |
| v. | **1)  GRANTING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS PURSUANT TO 28 U.S.C. § 1915(a) (ECF No. 2);** |
| ZEMBRANO;<br>DUARTE III, | |
| Defendants. | **2) DISMISSING COMPLAINT PURSUANT TO 28 U.S.C. § 1915(e)(2) AND 28 U.S.C. § 1915A(b)** |

        Javaughn Robinson ("Plaintiff"), incarcerated at the Richard J. Donovan
Correctional Facility ("RJD") in San Diego, California filed a pro se civil rights
Complaint pursuant to 42 U.S.C. Section 1983.  (*See* ECF No. 1, Compl.)  Plaintiff did
not pay the fee required by 28 U.S.C. § 1914(a) when he filed his Complaint, instead
filing a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a).
(*See* ECF No. 2.)

## I.     Plaintiff's Motion to Proceed IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400.[1]  *See* 28 U.S.C. § 1914(a).  The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. Section 1915(a).  *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).  However, a prisoner who is granted leave to proceed IFP remains obligated to pay the entire fee in "increments" or "installments," *Bruce v. Samuels*, 136 S. Ct. 627, 629 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), and regardless of whether his action is ultimately dismissed.  *See* 28 U.S.C. § 1915(b)(1), (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Section 1915(a)(2) requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint."  28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005).  From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets.  *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4).  The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forwards

---

[1]  In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50.  *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Oct. 1, 2019)).  The additional $50 administrative fee does not apply to persons granted leave to proceed IFP.  *Id.*

those payments to the Court until the entire filing fee is paid.  *See* 28 U.S.C. § 1915(b)(2); *Bruce*, 136 S. Ct. at 629.

In support of his IFP Motion, Plaintiff has submitted a certified copy of his trust account statement pursuant to 28 U.S.C. Section 1915(a)(2) and S.D. Cal. Civ. L.R. 3.2. *Andrews*, 398 F.3d at 1119.  The Court has reviewed Plaintiff's trust account activity, as well as the attached prison certificate verifying his available balances.  (*See* ECF No. 4, at 1-3.)  These documents show that he carried an average monthly balance of $200.60 and had $200.00 in average monthly deposits to his trust account for the six months preceding the filing of this action, and that Plaintiff had an available balance of just $0.03 at the time of filing.  (*See id.*)

Therefore, the Court **GRANTS** Plaintiff's Motion to Proceed IFP (ECF No. 2), and declines to impose the initial partial filing fee pursuant to 28 U.S.C. Section 1915(b)(1), because his prison certificate indicates he may currently have "no means to pay it."  *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. Section 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay . . . due to the lack of funds available to him when payment is ordered.").  Instead, the Court directs the Secretary of the California Department of Corrections and Rehabilitation ("CDCR"), or their designee, to collect the entire $350 balance of the filing fees required by 28 U.S.C. Section 1914 and to forward them to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. Section 1915(b)(1).

## II.   Initial Screening pursuant to 28 U.S.C. Sections 1915(e)(2) and 1915A

### A.  Standard of Review

Because Plaintiff is a prisoner and is proceeding IFP, his Complaint requires a pre-Answer screening pursuant to 28 U.S.C. Sections 1915(e)(2) and 1915A(b).  Under these

statutes, the Court must sua sponte dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune.  *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. Section 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. Section 1915A(b)).  "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'"  *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.,* 689 F.3d 680, 681 (7th Cir. 2012)).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under [Section] 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim."  *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to Section 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)").  Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121.  While the court "ha[s] an obligation where the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt," *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)), it may not "supply essential elements of claims that were not initially pled."  *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

B.  Individual Causation

Plaintiff's factual allegations are sparse.  As an initial matter, the Court finds that Plaintiff has failed to state a claim against any of the named Defendants as to his Eighth Amendment claims relating to what appears to involve a transportation accident.

Plaintiff alleges that he was being transported to an "E.R. room" by Defendants Zebrano and Duarte.  (Compl. at 3.)  Plaintiff is claiming that Defendants "drove frantically down the highway speeding over the limits causing severe lower back complications from impact."  (*Id.*)  Plaintiff also claims that Defendants engaged in "sexual interactions."  (*Id.*)  These factual allegations against Defendants whom he claims violated his constitutional rights contain no "further factual enhancement" which describes how, or to what extent, these individuals became aware of, or were actually aware of, any alleged constitutional violation.  "Because vicarious liability is inapplicable to . . . §1983 suits, a plaintiff must plead that each government-official defendant, through the official's own individual actions, has violated the Constitution."  *Iqbal*, 556 U.S. at 676; *see also Jones v. Community Redevelopment Agency of City of Los Angeles*, 733 F.2d 646, 649 (9th Cir. 1984) (even pro se plaintiff must "allege with at least some degree of particularity overt acts which defendants engaged in" in order to state a claim).

"Causation is, of course, a required element of a § 1983 claim."  *Estate of Brooks v. United States*, 197 F.3d 1245, 1248 (9th Cir. 1999).  "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation."  *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) (citing *Rizzo v. Goode*, 423 U.S. 362, 370-71 (1976)).   It appears that Plaintiff is alleging that the Defendants were negligent in how he was transported and committed sexual misconduct, but it is not clear which Defendant was driving or any factual allegations regarding the "impact" itself or the alleged sexual interactions.   Plaintiff must allege with more specificity what each Defendant is purported to have done to violate his constitutional rights.

Plaintiff's Complaint sets forth no facts which might be liberally construed to support an Eighth Amendment claim against Defendants. Therefore, the Court finds sua sponte dismissal of his Complaint is required pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). *See Lopez*, 203 F.3d at 1126–27

C.    Eighth Amendment Claims

Plaintiff has failed to sufficiently allege that the Defendants were deliberately indifferent to his safety in violation of the Eighth Amendment.  *See Farmer v. Brennan*, 511 U.S. 825, 833 (1994) (holding that a prisoner's Eighth Amendment rights are violated when prison officials are deliberately indifferent to his need for safety.)  Plaintiff has only alleged that Defendants "drove frantically down the highway speeding over limits causing severe lower back complications from impact." (Compl. at 4.)  However, Plaintiff must allege, at the very least, that Defendants were aware that he was at risk for being injured due to the manner in which they were driving and that they were aware that the manner in which they were driving posed a danger.

To state a claim under the Eighth Amendment based upon Defendants' alleged failure to prevent his injury, Plaintiff musts allege Defendants were "deliberate[ly] indifferen[t]" to "conditions posing a substantial risk of serious harm." *Farmer*, 511 U.S. at 834.  Deliberate indifference is more than mere negligence, but less than purpose or knowledge.  *See id.* at 836.  A prison official acts with deliberate indifference only if he "knows of and disregards an excessive risk to inmate health and safety; the official must be both aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

Plaintiff's sole allegations that Defendants "drove frantically" and were "speeding over the limits," *see* Compl. at 3, are insufficient to support a plausible claim of deliberate indifference.  Plaintiff has not alleged any facts with regard to whether he was injured due to the manner in which he was restrained.  *See e.g. Brown v. Fortner*, 518 F.3d 552, 560 (8th Cir. 2008) (affirming the denial of summary judgment where the "uncontested evidence indicates [a prison official] knew [prisoner] was shackled and restrained in a manner that prevented him from securing his own seatbelt . . .  rejected [prisoner's] request for a seatbelt . . . [and] drove recklessly and ignored requests by the inmate passengers in his van for him to slow down." ); *Ford v. Fletes*, 211 F.3d 1273,

2000 WL 249124 at *1 (9th Cir. 2000) (unpublished memorandum) (recognizing that prisoner may be able to allege deliberate indifference when he was injured from fall out of a vehicle while transported in handcuffs in a vehicle without doors, seat belts or restraints.).  Plaintiff has not alleged that Defendants were aware there was an excessive risk to his safety due to the manner in which he was restrained and transported.

Similarly, as Plaintiff has failed to put forth any facts regarding the alleged "sexual interactions" that occurred during the transport, Plaintiff has not adequately stated a claim for an Eighth Amendment violation predicated on sexual abuse. *See Schwenk v. Hartford*, 204 F.3d 1187, 1197 (9th Cir. 2000).

Thus, Plaintiff's Eighth Amendment claims are dismissed for failing to state a claim upon which relief may be granted.

D.     Emotional Distress

Plaintiff also alleges that he was "fearful of [his] life due to continuous gestures of Zembrano holding/grabbing his gun." (Compl. at 3.)  However, Plaintiff cannot recover monetary damages for a "mental or emotional injury" without a "prior showing of physical injury or the commission of a sexual act." 42 U.S.C. § 1997e(e).  As the Court has found with respect to his deliberate indifference claims, Plaintiff has not alleged sufficient details regarding the alleged "sexual interactions" or physical injury that occurred during his transport to the E.R., and accordingly Plaintiff cannot state an independent claim arising from his fear during the transport.

E.     Leave to Amend

Because Plaintiff is proceeding pro se, however, the Court having now provided him with "notice of the deficiencies in his complaint," will also grant him an opportunity to fix them. *See Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992)). However, the Court cautions Plaintiff that if he chooses to file an Amended Complaint, he must clearly identify, by name, each individual person he seeks to hold liable for violating his Eighth Amendment rights. He

must also be careful to allege facts showing the basis for liability for each individual Defendant.  He must also name each Defendant and link them to his claims by explaining what each person did or failed to do that caused him constitutional injury. *See Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) ("A plaintiff must allege facts, not simply conclusions, t[o] show that [the Defendant] was personally involved in the deprivation of his civil rights.").

## III.    Conclusion and Order

For the reasons discussed, the Court:

1)    **GRANTS** Plaintiff's Motion to Proceed IFP (ECF No. 2);

2)    **DIRECTS** the Secretary of the CDCR, or her designee, to collect from Plaintiff's prison trust account the $350 filing fee owed in this case by garnishing monthly payments from his account in an amount equal to twenty percent (20%) of the preceding month's income and forwarding those payments to the Clerk of the Court each time the amount in the account exceeds $10 pursuant to 28 U.S.C. Section 1915(b)(2). ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION;

3)    **DIRECTS** the Clerk of the Court to serve a copy of this Order on Kathleen Allison, Secretary, California Department of Corrections and Rehabilitation, P.O. Box 942883, Sacramento, California, 94283-0001;

4)    **DISMISSES** Plaintiff's Complaint in its entirety for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1);

5)    **GRANTS** Plaintiff forty-five (45) days leave from the date of this Order in which to file an Amended Complaint which cures the deficiencies of pleading noted. Plaintiff's Amended Complaint must be complete by itself without reference to his original pleading. Defendants not named and any claim not re-alleged in his Amended Complaint will be considered waived. *See* S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc.*

*v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").

If Plaintiff fails to file an Amended Complaint within 45 days, the Court will enter a final Order dismissing this civil action based both on his failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), and his failure to prosecute in compliance with a court order requiring amendment. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

6)   The Clerk of Court is directed to mail Plaintiff a court approved civil rights form complaint for his use in amending.

**IT IS SO ORDERED**.

Dated:  November 16, 2020

Hon. Gonzalo P. Curiel
United States District Judge