UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAVAUGHN ROBINSON, <br> CDCR #BD-1411, <br>                                   Plaintiff, <br> v. <br> ZEMBRANO; <br> DUARTE III, <br>                                  Defendants. | Case No.: 3:20-cv-2106-GPC-AHG <br><br> **ORDER:** <br><br> **(1) DENYING MOTION TO APPOINT COUNSEL; AND** <br><br> **(2) DIRECTING U.S. MARSHAL TO EFFECT SERVICE OF FIRST AMENDED COMPLAINT UPON DEFENDANTS PURSUANT TO 28 U.S.C. § 1915(d) AND FED. R. CIV. P. 4(c)(3)** |

**I.  Procedural History**

On October 26, 2020, Plaintiff Javaughn Robinson, a transgender inmate, currently incarcerated at the Richard J. Donovan Correctional Facility ("RJD") in San Diego, California, and proceeding pro se, filed a civil rights action pursuant to 42 U.S.C. Section 1983. (*See* Compl., ECF No. 1.)  In addition, Plaintiff filed a Motion to Proceed In Forma Pauperis ("IFP") (*See* ECF No. 2.)

On November 16, 2020, the Court GRANTED Plaintiff's Motion to Proceed IFP but DISMISSED her Complaint for failing to state a claim. (*See* Nov. 16, 2020 Order at 8-9.) Plaintiff was granted leave to file an amended complaint in order to correct the deficiencies of pleading identified in the Court's Order. (*See id.*)

Plaintiff filed her First Amended Complaint ("FAC") on January 21, 2021. (*See* FAC, ECF No. 8.) In addition, Plaintiff filed a Motion to Appoint Counsel on February 9, 2021. (*See* Pl.'s Mot., ECF No. 10.)

## II. Plaintiff's Motion to Appoint Counsel

In her Motion, Plaintiff seeks counsel on the grounds that she lacks adequate access to "proper legal supplies" and "legal research." Pl.'s Mot. at 1. In addition, Plaintiff indicates that she "suffers from mental health disorders" and is indigent. *Id.*

However, there is no constitutional right to counsel in a civil case. *Lassiter v. Dept. of Social Servs.*, 452 U.S. 18, 25 (1981); *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). And while 28 U.S.C. § 1915(e)(1) grants the district court limited discretion to "request" that an attorney represent an indigent civil litigant, *Agyeman v. Corr. Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004), this discretion may be exercised only under "exceptional circumstances." *Id.*; *see also Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). A finding of exceptional circumstances requires the Court "to consider whether there is a 'likelihood of success on the merits' and whether 'the prisoner is unable to articulate [her] claims in light of the complexity of the legal issues involved.'" *Harrington v. Scribner,* 785 F.3d 1299, 1309 (9th Cir. 2015) (*quoting Palmer*, 560 F.3d at 970).

The Court agrees that pro se litigants may be better served with the assistance of counsel—but that is not the test. *See Rand v. Rowland,* 113 F.3d 1520, 1525 (9th Cir. 1997) (affirming denial of counsel based on claims that pro se plaintiff "may well have fared better-particularly in the realms of discovery and the securing of expert testimony."), *withdrawn in part on reh'g en banc and overruled on other grounds*, 154

F.3d 952 (9th Cir. 1998). "Concerns regarding investigation and discovery are . . . not exceptional factors," and while a pro se litigant "may not have vast resources or legal training," these are among the commonly shared "types of difficulties encountered by many pro litigants." *Wells v. Washington State Dep't of Corr*., No. C13-234 RJB/KLS, 2013 WL 4009076, at *1 (W.D. Wash. Aug. 5, 2013).

Here, nothing in Plaintiff's FAC suggests she is incapable of articulating the factual basis for her claims, which appear "relatively straightforward." *Harrington*, 785 F.3d at 1309. In fact, the Court finds, based on its initial screening of Plaintiff's FAC under the standards of review discussed below, that she has pleaded a plausible claim for relief.

In addition, while Plaintiff may have sufficiently *pleaded* a plausible claim at this preliminary stage of the proceedings, she has yet to demonstrate and it is too soon to tell whether she is likely to succeed on the merits. *Harrington*, 785 F.3d at 1309; *Cano v. Taylor*, 739 F.3d 1214, 1218 (9th Cir. 2014) (affirming denial of counsel where prisoner could articulate his claims in light of the complexity of the issues involved, but did not show likelihood of succeed on the merits); *see also Dickey v. Strayhorn*, Civil Case No. 3:17-cv-00546-JLS-JLB, 2017 WL 3118797, at *1 (S.D. Cal. July 21, 2017), *reconsideration denied,* Civil Case No. 3:17-cv-00546-JLS-JLB, 2017 WL 4271975 at *1 (S.D. Cal. Sept. 26, 2017) ("To demonstrate that he has a likelihood of success at trial, Plaintiff must do more than merely allege that one of his constitutional rights was violated. He must provide evidence to the effect that he has a likelihood of success on the merits of his allegations."); *Torbert v. Gore,* Civil Case No. 3:14-cv-02991-BEN-NLS, 2016 WL 1399230, at *1 (S.D. Cal. Apr. 8, 2016) ("A plaintiff that provides no evidence of his likelihood of success at trial fails to satisfy the first factor of the [exceptional circumstances] test.").

/ / /

/ / /

Therefore, the Court finds no "exceptional circumstances" exist at this preliminary stage of the case and **DENIES** Plaintiff's Motion to Appoint Counsel (ECF No. 10) without prejudice.

### III. Screening Pursuant to 28 U.S.C. Sections 1915(e)(2)(B) and 1915A

#### A. Standard of Review

Because Plaintiff is a prisoner and is proceeding IFP, her FAC requires a pre-Answer screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these statutes, the Court must *sua sponte* dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.,* 689 F.3d 680, 681 (7th Cir. 2012)).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121. While the court "ha[s] an obligation where the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt," *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (citing *Bretz v.*

*Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)), it may not "supply essential elements of claims that were not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

"Courts must consider the complaint in its entirety," including "documents incorporated into the complaint by reference" to be part of the pleading when determining whether the plaintiff has stated a claim upon which relief may be granted. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *Schneider v. Cal. Dep't of Corrs.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998); *see also* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.").

### B. Plaintiff's Factual Allegations

Plaintiff, a transgender inmate, was "escorted by ambulance to the emergency room" at Alvarado Hospital on August 28, 2020. (FAC at 1-2.) Plaintiff had "severe fractures to her ankle." (*Id.* at 2.) Plaintiff was later discharged the same day to the "custody of RJD correctional officers" Zembrano and Duarte III. (*Id.*) Zembrano and Duarte "shackled Plaintiff's wrists and ankles" to escort her back to RJD. (*Id.*)

During this period, Plaintiff "attempted to report to Defendant Duarte and an ER nurse of serious allegations" of being "sexually assaulted by her cellmate at RJD." (*Id.*) However, Plaintiff claims Duarte "refused to listen to Plaintiff's 'PREA[1]' allegations and instead told Plaintiff that she should report such allegations on 'someone else's time.'" (*Id.*) "Fearful, Plaintiff refused to leave the ER until her PREA allegations were heard by an authority figure." (*Id.*)

Plaintiff alleges Duarte "became even more hostile towards Plaintiff and further threatened her with administrative segregation ("Ad-Seg") if she chose to report her PREA allegations any further" (*Id.*) As Plaintiff attempted to tell her allegations to the

---

[1] PREA is an acronym for the Prison Rape Elimination Act of 2003. *See* 34 U.S.C. § 30302.

ER nurse, "Duarte continuously tapped his gun in a threatening manner and ordered Plaintiff to stop talking or she [would] be placed in Ad-Seg." (*Id.*)  Because she was "intimidated by Defendant Duarte's threats, Plaintiff complied and was subsequently escorted by Defendants into a transportation vehicle." (*Id.*)

After Plaintiff was secured in the vehicle, she made "numerous requests" to roll down the windows or turn on the air conditioner because due to the "extreme heat," Plaintiff found it difficult to breath.  (*Id.* at 2-3.)  Both Defendants refused to alleviate the conditions until Plaintiff "threatened them with a staff complaint and lawsuits." (*Id.* at 3.)

Plaintiff asked Duarte if he was "serious about sending her to Ad-Seg" and he responded, "hell yeah, if you keep threatening us with staff complaints and lawsuits and stop lying about being sexually assaulted." (*Id.*)  Zembrano began "driving frantically over the speed limit causing Plaintiff, who was shackled, to slam numerous times into the car's interior structure causing extreme pain to Plaintiff's fractured ankle." (*Id.*)  Duarte stated to Plaintiff, "how's your ankle now liar!" and "began laughing" as Plaintiff told him that her ankle was in "extreme pain." (*Id.*)  Plaintiff also claims Duarte sexually harassed her and in fear, "Plaintiff complied to Defendant Duartes sexual advances." (*Id.*)

Plaintiff seeks punitive and compensatory damages from both Defendants.  (*Id.* at 4-5.)

C.   Service of Defendants

As currently pleaded, the Court finds Plaintiff's FAC contains "sufficient factual matter, accepted as true," to state First and Eighth Amendment claims for relief that are "plausible on its face," *Iqbal,* 556 U.S. at 678, and therefore, sufficient to survive the "low threshold" set for sua sponte screening pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b). *See Wilhelm*, 680 F.3d at 1123; *Iqbal*, 556 U.S. at 678.

Therefore, the Court will direct the U.S. Marshal to effect service of summons Plaintiff's FAC on her behalf.[2] *See* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) ("[T]he court may order that service be made by a United States marshal or deputy marshal . . . if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915.").

## IV. Conclusion and Order

For the reasons explained, the Court:

1. **DENIES** Plaintiff's Motion to Appoint Counsel (ECF No. 10) without prejudice.

2. **DIRECTS** the Clerk to issue a summons as to Plaintiff's FAC (ECF No. 8) and forward it to Plaintiff along with a blank U.S. Marshal Form 285 for each Defendant. In addition, the Clerk will provide Plaintiff with a certified copy of the November 16, 2020 IFP Order, certified copies of her FAC, and the summons so that she may serve the Defendants. Upon receipt of this "IFP Package," Plaintiff must complete the USM Form 285s as completely and accurately as possible, *include an address where each named Defendant may be found and/or subject to service* pursuant to S.D. Cal. CivLR 4.1c., and return them to the United States Marshal according to the instructions the Clerk provides in the letter accompanying her IFP Package.

3. **ORDERS** the U.S. Marshal to serve a copy of the FAC and summons upon the Defendants as directed by Plaintiff on the USM Form 285s provided to her. All costs of that service will be advanced by the United States. *See* 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3).

/ / /

---

[2] Plaintiff is cautioned that "the sua sponte screening and dismissal procedure is cumulative of, and not a substitute for, any subsequent Rule 12(b)(6) motion that [a defendant] may choose to bring." *Teahan v. Wilhelm*, 481 F. Supp. 2d 1115, 1119 (S.D. Cal. 2007).

4.     **ORDERS** Defendants, once they have been served, to reply to Plaintiff's FAC within the time provided by the applicable provisions of Federal Rule of Civil Procedure 12(a). *See* 42 U.S.C. § 1997e(g)(2) (while Defendants may occasionally be permitted to "waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility  under section 1983," once the Court has conducted its sua sponte screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), and thus, has made a preliminary determination based on the face on the pleading alone that Plaintiff has a "reasonable opportunity to prevail on the merits," the Defendants are required to respond).

5.     **ORDERS** Plaintiff, after service has been effected by the U.S. Marshal, to serve upon Defendants, or if appearance has been entered by counsel, upon Defendants' counsel, a copy of every further pleading, motion, or other document submitted for the Court's consideration pursuant to Fed. R. Civ. P. 5(b). Plaintiff must include with every original document she seeks to file with the Clerk of the Court, a certificate stating the manner in which a true and correct copy of that document has been was served on Defendants or their counsel, and the date of that service. *See* S.D. Cal. CivLR 5.2. Any document received by the Court which has not been properly filed with the Clerk or which fails to include a Certificate of Service upon the Defendants, or their counsel, may be disregarded.

**IT IS SO ORDERED**.

Dated:  February 10, 2021

Hon. Gonzalo P. Curiel
United States District Judge